IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33707-3-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 33708-1-III |
| | ) | No. 33709-0-III |
| v. | ) | No. 33730-8-III) |
| | ) | |
| JAMES EDWARD BOYD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — James Boyd appeals from the superior court's order denying his motion under RCW 10.01.160(4) to terminate or modify legal financial obligations (LFOs) imposed as part of the judgment and sentence in four separate criminal convictions. We dismiss his appeal as moot.

## FACTS

Mr. Boyd has four long-standing felony convictions that have resulted in an array of LFOs. On numerous occasions, the superior court has found Mr. Boyd in violation of his LFO orders. By October 2014, Mr. Boyd's total LFO balance was $19,617.00. At that time, the court collection deputy reviewed Mr. Boyd's payments and alleged Mr. Boyd had failed to pay his LFOs as directed and had not reported a change in

circumstances affecting his ability to make payments. In December 2014, the State successfully moved for bench warrants on Mr. Boyd's failure to comply with terms and conditions of his judgments and sentences.

Mr. Boyd, who was incarcerated on other matters, then began writing a series of letters to the court. In summary, he asked that his warrants be quashed and the LFOs be modified or terminated on the basis of indigence. Some of Mr. Boyd's submissions to the court made boilerplate requests for evidentiary hearings. Others did not. Mr. Boyd did not request appointment of counsel.

The court responded to Mr. Boyd's correspondence by letters and then by an order denying Mr. Boyd's motions to modify and/or terminate his LFOs under RCW 10.01.160(4). Mr. Boyd appeals that order.

Subsequent to the filing of Mr. Boyd's appeals, in February 2016, the State successfully moved for orders recalling the superior court LFO bench warrants. At that time, the court signed an agreed modification order on each of the four cases at issue here whereby it found Mr. Boyd willfully failed to pay his LFOs but did not impose any punishment. Mr. Boyd agreed to pay $5.00 per month on each case beginning May 1, 2016. Mr. Boyd was released from incarceration and appeared, as ordered, at the Spokane County Clerk's office.

2

ANALYSIS

Because the parties have reached an agreement with respect to Mr. Boyd's current LFO obligation, this court is not in a position to award any effective relief should Mr. Boyd prevail. Mr. Boyd recognizes this fact but argues the court should nevertheless address his arguments. Mr. Boyd challenges the procedures used by the superior court in deciding motions for modification and termination of LFOs. Because the validity of such procedures is a matter of public importance and could arise in the future, Mr. Boyd claims substantive review is warranted.

We are unpersuaded. After this case was fully briefed, the Supreme Court entered a decision discussing LFO procedures in *City of Richland v. Wakefield*, ___ Wn.2d ___, 380 P.3d 459 (2016). *Wakefield* provides much of the guidance Mr. Boyd seeks.[1] Should Mr. Boyd be dissatisfied with the outcome of a future remission hearing despite *Wakefield*, an appeal can be made at that time with an appropriately developed record, including unambiguous requests for procedural protections such as counsel and an evidentiary hearing.

---

[1] Given Mr. Boyd's indigence and the significant amount of outstanding LFOs, Mr. Boyd would appear to have a strong argument, after *Wakefield*, for remission of his financial obligations, regardless of the procedures utilized by the superior court. *Wakefield*, 380 P.3d at 464-65.

No. 33707-3-III; 33708-1-III; 33709-0-III; 33730-8-III
*State v. Boyd*

## INDIGENCE REPORT

On October 5, 2016, Mr. Boyd submitted a report as to continued indigence and a motion to enlarge time to file such report. Mr. Boyd's motion to enlarge time is granted and the report is accepted for filing as of the date of its submission.

## COSTS

Mr. Boyd has also filed a motion to not award appeal costs and accompanying motion to enlarge time to file the same. Based on the large number of outstanding LFOs, we grant both Mr. Boyd's motion to deny costs on appeal and his motion to enlarge time.

## CONCLUSION

Mr. Boyd's appeal is dismissed as moot. Appellate costs will not be awarded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Siddoway, J.

4